UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| Pulling Guard Productions, LLC d/b/a The Arena League,<br><br>    Plaintiff,<br><br>v.<br><br>Jacob Lambert; J&B Manufactured Home Services LLC; Steve Walters; Minnesota Monsters Entertainment LLC; Kramer Service Group, LLC; Brent LaBrie; Arena Football 1, LLC; and DOES 1-10,<br><br>    Defendants. | Civil Action No. 0:26-CV-2305 PJS/LIB<br><br><br><br>**ANSWER AND CROSSCLAIM OF MINNESOTA MONSTERS ENTERTAINMENT LLC** |

\* \* \* \* \* \* \* \* \* \* \* \*

Defendant Minnesota Monsters Entertainment LLC ("MME") answers the allegations in Plaintiff Pulling Guard Productions, LLC's complaint and asserts its affirmative defenses as set forth below:

## GENERAL DENIAL

Except as hereinafter admitted or qualified, or otherwise answered, MME denies each and every allegation, matter, statement and thing contained in Plaintiff's complaint, and each and every portion thereof, except as hereafter specifically admitted or qualified; and states that, to the extent that each and every allegation, matter and statement, and each portion thereof, calls for legal conclusions, no response is required from MME.

## SPECIFIC DENIALS

1

1. MME denies the allegations in Paragraph 1 of the complaint and holds Plaintiff to the strictest burden of proof thereto at trial in this matter.

2. MME lacks sufficient knowledge or information to form a belief as to the allegations set forth in Paragraph 2 of the complaint and thereby denies same and holds Plaintiff to the strictest burden of proof thereto at trial in this matter.

3. MME denies the allegations in Paragraph 3 of the complaint and holds Plaintiff to the strictest burden of proof thereto at trial in this matter.

4. MME denies the allegations in Paragraph 4 of the complaint and holds Plaintiff to the strictest burden of proof thereto at trial in this matter.

5. MME lacks sufficient knowledge or information to form a belief as to the allegations set forth in Paragraph 5 of the complaint and thereby denies same and holds Plaintiff to the strictest burden of proof thereto at trial in this matter.

6. MME denies the allegations in Paragraph 6 of the complaint and holds Plaintiff to the strictest burden of proof thereto at trial in this matter.

7. MME admits that it Defendant J&B Manufactured Home Services LLC is a limited liability company formed under the laws of the state of Minnesota, that its principal executive office is located at 18686 Beroun Crossing Road, in Pine City, Minnesota, that it maintains a registered office at 18202 Minnetonka Boulevard, in Deephaven, MN, and that Defendant Jacob Lambert is its sole owner, but otherwise denies the allegations set forth in Paragraph 7 of the complaint and holds Plaintiff to the strictest burden of proof thereto at trial in this matter.

8. MME lacks sufficient knowledge or information to form a belief as to the allegations set forth in Paragraph 8 of the complaint and thereby denies same and holds Plaintiff to the strictest burden of proof thereto at trial in this matter.

9. MME admits that it is a limited liability company formed under the laws of the state of Minnesota, that its principal executive office is located at 23805 County Highway 61, in Pine City, Minnesota, that it maintains a registered office at 18202 Minnetonka Boulevard, in Deephaven, MN, and that Defendant Jacob Lambert is its sole owner, but otherwise denies the allegations set forth in Paragraph 9 of the complaint and holds Plaintiff to the strictest burden of proof thereto at trial in this matter.

10. MME lacks sufficient knowledge or information to form a belief as to the allegations set forth in Paragraph 10 of the complaint and thereby denies same and holds Plaintiff to the strictest burden of proof thereto at trial in this matter.

11. MME lacks sufficient knowledge or information to form a belief as to the allegations set forth in Paragraph 11 of the complaint and thereby denies same and holds Plaintiff to the strictest burden of proof thereto at trial in this matter.

12. MME lacks sufficient knowledge or information to form a belief as to the allegations set forth in Paragraph 12 of the complaint and thereby denies same and holds Plaintiff to the strictest burden of proof thereto at trial in this matter.

13. MME lacks sufficient knowledge or information to form a belief as to the allegations set forth in Paragraph 13 of the complaint and thereby denies same and holds Plaintiff to the strictest burden of proof thereto at trial in this matter.

14. MME denies the allegations in Paragraph 14 of the complaint and holds Plaintiff to the strictest burden of proof thereto at trial in this matter.

15. MME denies the allegations in Paragraph 15 of the complaint and holds Plaintiff to the strictest burden of proof thereto at trial in this matter.

16. MME denies the allegations in Paragraph 16 of the complaint and holds Plaintiff to the strictest burden of proof thereto at trial in this matter.

17. MME lacks sufficient knowledge or information to form a belief as to the allegations set forth in Paragraph 17 of the complaint and thereby denies same and holds Plaintiff to the strictest burden of proof thereto at trial in this matter.

18. MME lacks sufficient knowledge or information to form a belief as to the allegations set forth in Paragraph 18 of the complaint and thereby denies same and holds Plaintiff to the strictest burden of proof thereto at trial in this matter.

19. MME lacks sufficient knowledge or information to form a belief as to the allegations set forth in Paragraph 19 of the complaint and thereby denies same and holds Plaintiff to the strictest burden of proof thereto at trial in this matter.

20. MME lacks sufficient knowledge or information to form a belief as to the allegations set forth in Paragraph 20 of the complaint and thereby denies same and holds Plaintiff to the strictest burden of proof thereto at trial in this matter.

21. MME lacks sufficient knowledge or information to form a belief as to the allegations set forth in Paragraph 21 of the complaint and thereby denies same and holds Plaintiff to the strictest burden of proof thereto at trial in this matter.

22. MME lacks sufficient knowledge or information to form a belief as to the allegations set forth in Paragraph 22 of the complaint and thereby denies same and holds Plaintiff to the strictest burden of proof thereto at trial in this matter.

23. MME lacks sufficient knowledge or information to form a belief as to the allegations set forth in Paragraph 23 of the complaint and thereby denies same and holds Plaintiff to the strictest burden of proof thereto at trial in this matter.

24. MME lacks sufficient knowledge or information to form a belief as to the allegations set forth in Paragraph 24 of the complaint and thereby denies same and holds Plaintiff to the strictest burden of proof thereto at trial in this matter.

25. MME lacks sufficient knowledge or information to form a belief as to the allegations set forth in Paragraph 25 of the complaint and thereby denies same and holds Plaintiff to the strictest burden of proof thereto at trial in this matter.

26. MME lacks sufficient knowledge or information to form a belief as to the allegations set forth in Paragraph 26 of the complaint and thereby denies same and holds Plaintiff to the strictest burden of proof thereto at trial in this matter.

27. MME lacks sufficient knowledge or information to form a belief as to the allegations set forth in Paragraph 27 of the complaint and thereby denies same and holds Plaintiff to the strictest burden of proof thereto at trial in this matter.

28. MME lacks sufficient knowledge or information to form a belief as to the allegations set forth in Paragraph 28 of the complaint and thereby denies same and holds Plaintiff to the strictest burden of proof thereto at trial in this matter.

29. MME lacks sufficient knowledge or information to form a belief as to the allegations set forth in Paragraph 29 of the complaint and thereby denies same and holds Plaintiff to the strictest burden of proof thereto at trial in this matter.

30. MME lacks sufficient knowledge or information to form a belief as to the allegations set forth in Paragraph 30 of the complaint and thereby denies same and holds Plaintiff to the strictest burden of proof thereto at trial in this matter.

31. MME lacks sufficient knowledge or information to form a belief as to the allegations set forth in Paragraph 31 of the complaint and thereby denies same and holds Plaintiff to the strictest burden of proof thereto at trial in this matter.

32. MME lacks sufficient knowledge or information to form a belief as to the allegations set forth in Paragraph 32 of the complaint and thereby denies same and holds Plaintiff to the strictest burden of proof thereto at trial in this matter.

33. MME lacks sufficient knowledge or information to form a belief as to the allegations set forth in Paragraph 33 of the complaint and thereby denies same and holds Plaintiff to the strictest burden of proof thereto at trial in this matter.

34. MME lacks sufficient knowledge or information to form a belief as to the allegations set forth in Paragraph 34 of the complaint and thereby denies same and holds Plaintiff to the strictest burden of proof thereto at trial in this matter.

35. MME lacks sufficient knowledge or information to form a belief as to the allegations set forth in Paragraph 35 of the complaint and thereby denies same and holds Plaintiff to the strictest burden of proof thereto at trial in this matter.

36. MME lacks sufficient knowledge or information to form a belief as to the allegations set forth in Paragraph 36 of the complaint and thereby denies same and holds Plaintiff to the strictest burden of proof thereto at trial in this matter.

37. MME lacks sufficient knowledge or information to form a belief as to the allegations set forth in Paragraph 37 of the complaint and thereby denies same and holds Plaintiff to the strictest burden of proof thereto at trial in this matter.

38. MME lacks sufficient knowledge or information to form a belief as to the allegations set forth in Paragraph 38 of the complaint and thereby denies same and holds Plaintiff to the strictest burden of proof thereto at trial in this matter.

39. MME lacks sufficient knowledge or information to form a belief as to the allegations set forth in Paragraph 39 of the complaint and thereby denies same and holds Plaintiff to the strictest burden of proof thereto at trial in this matter.

40. MME lacks sufficient knowledge or information to form a belief as to the allegations set forth in Paragraph 40 of the complaint and thereby denies same and holds Plaintiff to the strictest burden of proof thereto at trial in this matter.

41. MME lacks sufficient knowledge or information to form a belief as to the allegations set forth in Paragraph 41 of the complaint and thereby denies same and holds Plaintiff to the strictest burden of proof thereto at trial in this matter.

42. MME lacks sufficient knowledge or information to form a belief as to the allegations set forth in Paragraph 42 of the complaint and thereby denies same and holds Plaintiff to the strictest burden of proof thereto at trial in this matter.

43. MME lacks sufficient knowledge or information to form a belief as to the allegations set forth in Paragraph 43 of the complaint and thereby denies same and holds Plaintiff to the strictest burden of proof thereto at trial in this matter.

44. MME lacks sufficient knowledge or information to form a belief as to the allegations set forth in Paragraph 44 of the complaint and thereby denies same and holds Plaintiff to the strictest burden of proof thereto at trial in this matter.

45. MME lacks sufficient knowledge or information to form a belief as to the allegations set forth in Paragraph 45 of the complaint and thereby denies same and holds Plaintiff to the strictest burden of proof thereto at trial in this matter.

46. MME lacks sufficient knowledge or information to form a belief as to the allegations set forth in Paragraph 46 of the complaint and thereby denies same and holds Plaintiff to the strictest burden of proof thereto at trial in this matter.

47. MME lacks sufficient knowledge or information to form a belief as to the allegations set forth in Paragraph 47 of the complaint and thereby denies same and holds Plaintiff to the strictest burden of proof thereto at trial in this matter.

48. MME lacks sufficient knowledge or information to form a belief as to the allegations set forth in Paragraph 48 of the complaint and thereby denies same and holds Plaintiff to the strictest burden of proof thereto at trial in this matter.

49. MME lacks sufficient knowledge or information to form a belief as to the allegations set forth in Paragraph 49 of the complaint and thereby denies same and holds Plaintiff to the strictest burden of proof thereto at trial in this matter.

50. MME lacks sufficient knowledge or information to form a belief as to the allegations set forth in Paragraph 50 of the complaint and thereby denies same and holds Plaintiff to the strictest burden of proof thereto at trial in this matter.

51. MME lacks sufficient knowledge or information to form a belief as to the allegations set forth in Paragraph 51 of the complaint and thereby denies same and holds Plaintiff to the strictest burden of proof thereto at trial in this matter.

52. MME lacks sufficient knowledge or information to form a belief as to the allegations set forth in Paragraph 52 of the complaint and thereby denies same and holds Plaintiff to the strictest burden of proof thereto at trial in this matter.

53. MME lacks sufficient knowledge or information to form a belief as to the allegations set forth in Paragraph 53 of the complaint and thereby denies same and holds Plaintiff to the strictest burden of proof thereto at trial in this matter.

54. MME lacks sufficient knowledge or information to form a belief as to the allegations set forth in Paragraph 54 of the complaint and thereby denies same and holds Plaintiff to the strictest burden of proof thereto at trial in this matter.

55. MME lacks sufficient knowledge or information to form a belief as to the allegations set forth in Paragraph 55 of the complaint and thereby denies same and holds Plaintiff to the strictest burden of proof thereto at trial in this matter.

56. MME lacks sufficient knowledge or information to form a belief as to the allegations set forth in Paragraph 56 of the complaint and thereby denies same and holds Plaintiff to the strictest burden of proof thereto at trial in this matter.

57. MME lacks sufficient knowledge or information to form a belief as to the allegations set forth in Paragraph 57 of the complaint and thereby denies same and holds Plaintiff to the strictest burden of proof thereto at trial in this matter.

58. MME admits that an arena football team, known as the "Minnesota Monsters," is playing in the Arena Football One League during the 2026 Season, but otherwise denies the

allegations set forth in Paragraph 58 of the complaint and holds Plaintiff to the strictest burden of proof thereto at trial in this matter.

59. MME admits that it is solely owned by Defendant Jacob Lambert, that Defendants J&B Manufactured Home Services LLC and Defendant Steve Walterr were never owners of MME, but otherwise denies the allegations set forth in Paragraph 59 of the complaint and holds Plaintiff to the strictest burden of proof thereto at trial in this matter.

60. MME denies the allegations in Paragraph 60 of the complaint and holds Plaintiff to the strictest burden of proof thereto at trial in this matter.

61. MME denies the allegations in Paragraph 61 of the complaint and holds Plaintiff to the strictest burden of proof thereto at trial in this matter.

62. MME denies the allegations in Paragraph 62 of the complaint and holds Plaintiff to the strictest burden of proof thereto at trial in this matter.

63. MME denies the allegations in Paragraph 63 of the complaint and holds Plaintiff to the strictest burden of proof thereto at trial in this matter.

64. MME denies the allegations in Paragraph 64 of the complaint and holds Plaintiff to the strictest burden of proof thereto at trial in this matter.

65. MME denies the allegations in Paragraph 65 of the complaint and holds Plaintiff to the strictest burden of proof thereto at trial in this matter.

66. MME denies the allegations in Paragraph 66 of the complaint and holds Plaintiff to the strictest burden of proof thereto at trial in this matter.

67. MME admits that the arena football team known as the "Minnesota Monsters," that plays in the Arena Football One League, plays its home games at AMSOIL Arena, in Duluth,

10

Minnesota, but otherwise denies the allegations set forth in Paragraph 67 of the complaint and holds Plaintiff to the strictest burden of proof thereto at trial in this matter.

68. MME denies the allegations in Paragraph 68 of the complaint and holds Plaintiff to the strictest burden of proof thereto at trial in this matter.

69. MME denies the allegations in Paragraph 69 of the complaint and holds Plaintiff to the strictest burden of proof thereto at trial in this matter.

70. MME denies the allegations in Paragraph 70 of the complaint and holds Plaintiff to the strictest burden of proof thereto at trial in this matter.

71. MME denies the allegations in Paragraph 71 of the complaint and holds Plaintiff to the strictest burden of proof thereto at trial in this matter.

72. MME denies the allegations in Paragraph 72 of the complaint and holds Plaintiff to the strictest burden of proof thereto at trial in this matter.

73. MME admits that the arena football team known as the "Minnesota Monsters" has played five (5) games in the 2026 Arena Football One League season, with games on April 11, April 25, May 3, May 9, and May 22, 2026, the last game which was played at AMSOIL Arena.

74. MME lacks sufficient knowledge or information to form a belief as to the allegations set forth in Paragraph 74 of the complaint and thereby denies same and holds Plaintiff to the strictest burden of proof thereto at trial in this matter.

75. MME refers to, incorporates, and restates its responses to Paragraphs 1-74 as though fully set forth herein.

76. MME lacks sufficient knowledge or information to form a belief as to the allegations set forth in Paragraph 76 of the complaint and thereby denies same and holds Plaintiff to the strictest burden of proof thereto at trial in this matter.

77. MME denies the allegations in Paragraph 77 of the complaint and holds Plaintiff to the strictest burden of proof thereto at trial in this matter.

78. MME denies the allegations in Paragraph 78 of the complaint and holds Plaintiff to the strictest burden of proof thereto at trial in this matter.

79. MME denies the allegations in Paragraph 79 of the complaint and holds Plaintiff to the strictest burden of proof thereto at trial in this matter.

80. MME denies the allegations in Paragraph 80 of the complaint and holds Plaintiff to the strictest burden of proof thereto at trial in this matter.

81. MME denies the allegations in Paragraph 81 of the complaint and holds Plaintiff to the strictest burden of proof thereto at trial in this matter.

82. MME denies the allegations in Paragraph 82 of the complaint and holds Plaintiff to the strictest burden of proof thereto at trial in this matter.

83. MME denies the allegations in Paragraph 83 of the complaint and holds Plaintiff to the strictest burden of proof thereto at trial in this matter.

84. MME denies the allegations in Paragraph 84 of the complaint and holds Plaintiff to the strictest burden of proof thereto at trial in this matter.

85. MME denies the allegations in Paragraph 85 of the complaint and holds Plaintiff to the strictest burden of proof thereto at trial in this matter.

86. MME denies the allegations in Paragraph 86 of the complaint and holds Plaintiff to the strictest burden of proof thereto at trial in this matter.

87. MME denies the allegations in Paragraph 87 of the complaint and holds Plaintiff to the strictest burden of proof thereto at trial in this matter.

88. MME refers to, incorporates, and restates its responses to Paragraphs 1-87 as though fully set forth herein.

89. MME denies the allegations in Paragraph 89 of the complaint and holds Plaintiff to the strictest burden of proof thereto at trial in this matter.

90. MME denies the allegations in Paragraph 90 of the complaint and holds Plaintiff to the strictest burden of proof thereto at trial in this matter.

91. MME denies the allegations in Paragraph 91 of the complaint and holds Plaintiff to the strictest burden of proof thereto at trial in this matter.

92. MME denies the allegations in Paragraph 92 of the complaint and holds Plaintiff to the strictest burden of proof thereto at trial in this matter.

93. MME refers to, incorporates, and restates its responses to Paragraphs 1-92 as though fully set forth herein.

94. MME lacks sufficient knowledge or information to form a belief as to the allegations set forth in Paragraph 94 of the complaint and thereby denies same and holds Plaintiff to the strictest burden of proof thereto at trial in this matter.

95. MME lacks sufficient knowledge or information to form a belief as to the allegations set forth in Paragraph 95 of the complaint and thereby denies same and holds Plaintiff to the strictest burden of proof thereto at trial in this matter.

96. MME lacks sufficient knowledge or information to form a belief as to the allegations set forth in Paragraph 96 of the complaint and thereby denies same and holds Plaintiff to the strictest burden of proof thereto at trial in this matter.

97. MME lacks sufficient knowledge or information to form a belief as to the allegations set forth in Paragraph 97 of the complaint and thereby denies same and holds Plaintiff to the strictest burden of proof thereto at trial in this matter.

98. MME lacks sufficient knowledge or information to form a belief as to the allegations set forth in Paragraph 98 of the complaint and thereby denies same and holds Plaintiff to the strictest burden of proof thereto at trial in this matter.

99. MME lacks sufficient knowledge or information to form a belief as to the allegations set forth in Paragraph 99 of the complaint and thereby denies same and holds Plaintiff to the strictest burden of proof thereto at trial in this matter.

100. MME refers to, incorporates, and restates its responses to Paragraphs 1-99 as though fully set forth herein.

101. MME lacks sufficient knowledge or information to form a belief as to the allegations set forth in Paragraph 101 of the complaint and thereby denies same and holds Plaintiff to the strictest burden of proof thereto at trial in this matter.

102. MME denies the allegations in Paragraph 102 of the complaint and holds Plaintiff to the strictest burden of proof thereto at trial in this matter.

103. MME denies the allegations in Paragraph 103 of the complaint and holds Plaintiff to the strictest burden of proof thereto at trial in this matter.

104. MME denies the allegations in Paragraph 104 of the complaint and holds Plaintiff to the strictest burden of proof thereto at trial in this matter.

105. MME denies the allegations in Paragraph 105 of the complaint and holds Plaintiff to the strictest burden of proof thereto at trial in this matter.

106.     MME denies the allegations in Paragraph 106 of the complaint and holds Plaintiff to the strictest burden of proof thereto at trial in this matter.

107.     MME refers to, incorporates, and restates its responses to Paragraphs 1-107 as though fully set forth herein.

108.     MME denies the allegations in Paragraph 108 of the complaint and holds Plaintiff to the strictest burden of proof thereto at trial in this matter.

109.     MME denies the allegations in Paragraph 109 of the complaint and holds Plaintiff to the strictest burden of proof thereto at trial in this matter.

110.     MME denies the allegations in Paragraph 110 of the complaint and holds Plaintiff to the strictest burden of proof thereto at trial in this matter.

111.     MME denies the allegations in Paragraph 111 of the complaint and holds Plaintiff to the strictest burden of proof thereto at trial in this matter.

112.     MME denies the allegations in Paragraph 112 of the complaint and holds Plaintiff to the strictest burden of proof thereto at trial in this matter.

113.     MME denies the allegations in Paragraph 113 of the complaint and holds Plaintiff to the strictest burden of proof thereto at trial in this matter.

114.     MME refers to, incorporates, and restates its responses to Paragraphs 1-113 as though fully set forth herein.

115.     MME lacks sufficient knowledge or information to form a belief as to the allegations set forth in Paragraph 115 of the complaint and thereby denies same and holds Plaintiff to the strictest burden of proof thereto at trial in this matter.

116.     MME denies the allegations in Paragraph 116 of the complaint and holds Plaintiff to the strictest burden of proof thereto at trial in this matter.

117.      MME denies the allegations in Paragraph 117 of the complaint and holds Plaintiff to the strictest burden of proof thereto at trial in this matter.

118.      MME denies the allegations in Paragraph 118 of the complaint and holds Plaintiff to the strictest burden of proof thereto at trial in this matter.

119.      MME refers to, incorporates, and restates its responses to Paragraphs 1-118 as though fully set forth herein.

120.      MME denies the allegations in Paragraph 118 of the complaint and holds Plaintiff to the strictest burden of proof thereto at trial in this matter.

121.      MME denies the allegations in Paragraph 121 of the complaint and holds Plaintiff to the strictest burden of proof thereto at trial in this matter.

122.      Answering Paragraphs 1-5 of Plaintiff's Prayer for Relief, to the extent any response is required to any paragraph thereto, MME denies any allegations in such paragraphs and further denies that Plaintiff is entitled to any relief whatsoever.

## AFFIRMATIVE DEFENSES

MME denies that Plaintiff can satisfy its burden of proving the elements necessary to state a prima facie case for any cause of action.  In addition, and without assuming the burden of proof with respect to any fact that would otherwise fall on Plaintiff, MME asserts the following "Affirmative Defenses" to the causes of action asserted in the complaint.  By alleging the matters set forth herein below, MME does not thereby allege or admit they have the burden of proof and/or the burden of persuasion with respect to these matters, and MME further reserves the right to amend this Answer or, if necessary, to seek leave to amend this Answer to assert any additional affirmative defenses that become available or appear as the case proceeds.

16

1. The complaint fails to state a claim upon which relief can be granted against MME.

2. Assuming without conceding that Plaintiff is capable of establishing liability for any cause of action, Plaintiff's requested relief is barred in whole or in part by its failure to mitigate its damages, if any such damages exist.

3. Plaintiff's claims are barred because its damages, if any such damages exist, were caused in whole or in part by its own negligence, fault, omissions or conduct.

4. One or more of Plaintiff's causes of action are barred in whole or in part because Plaintiff does not own valid trademark rights in the mark(s) it is seeking to enforce against.

5. All of Plaintiff's trademark causes of action and statutory causes of action are barred in whole or in part because there is no likelihood of consumer confusion.

6. All of Plaintiff's trademark causes of action and statutory causes of action are barred in whole or in part because Plaintiff has abandoned any trademark rights in the mark(s).

7. Plaintiff's claims are barred in whole or in part based upon the doctrine of Laches.

8. Plaintiff's claims are barred in whole or in part based upon the doctrine of Unclean Hands.

**MINNESOTA MONSTERS ENTERTAINMENT LLC'S CROSSCLAIM AGAINST STEVE WALTERS**

Minnesota Monsters Entertainment LLC ("MME"), as and for its Crossclaim against Steve Walters ("Walters"), states and alleges as follows:

1. Walters is the former general manager of the arena football team known as the Duluth Harbor Monsters, who played in The Arena League in 2024 and 2025.

17

2. On or around approximately September 12, 2026, upon information and belief, Walters knowingly made false and defamatory statements to news media, including but not limited to Fox 21.

3. Specifically, Walters falsely stated to such news media that the Duluth Harbor Monsters had been sold to Jacob Lambert, and that Walters was part of some ownership group that was part of the transaction, owning "10 percent of the team."

4. On or around approximately September 24, 2026, upon information and belief, Walters knowingly made false and defamatory statements to news media, including but not limited to Fox 21.

5. Specifically, Walters falsely stated to such news media that the Duluth Harbor Monsters were being rebranded as the "Minnesota Monsters," and that the Duluth Harbor Monsters would be changing leagues, from "The Arena League" to "Arena Football One."

6. Walters made further false statements to such news media, including "[w]e are still your Monsters…We are still playing in the same arena that you're used to.  We are still playing with the same players that you're used to.  We are coaching with the same coaches, still the same front office staff."

7. On or around September 25, 2026, Walters knowingly made false and defamatory statements on a social media account owned by the Duluth Harbor Monsters, an account he had control over.

8. Specifically, Walters made a social media post on Facebook that falsely stated "same team, same place, same community, bigger, badder [*sic*] monsters," above a listing of the website "www.duluthmonsters.com," that Walters also maintained control of.

18

9. Walters made further false statements on that social media post, falsely stating that the Duluth Harbor Monsters were "staying in the DECC Arena," that "[a]ll your favorite players will be returning," and the like.

## COUNT I
## DEFAMATION

10. MME realleges and incorporates the preceding allegations as if fully set forth herein.

11. The statements made by Walters were false.

12. Walters made these false statements to third parties with the knowledge that the statements were false and/or with a reckless disregard of the truth or falsity of the statements.

13. These false statements tended to harm MME's reputation and lower it in the estimation of its community.

14. The nature of the false statements made by Walters meets the standard of "defamation *per se*" under Minnesota law.

15. As a direct and proximate result of Walters' false defamatory statements, MME has experienced damages in an amount that exceeds the sum of Seventy Five Thousand Dollars ($75,000.00), the exact amount to be proved at trial.

## PRAYER FOR RELIEF

**WHEREFORE**, MME requests the following relief:

1. That Plaintiff take nothing from Plaintiff's pretended claims against MME, the allegations within the Complaint against MME be dismissed with prejudice, and all things in judgment be rendered for MME in that regard;

19

2.    For a money judgment against Walters, in an amount in excess of $75,000.00, the precise amount to be proven at trial;

3.    Awarding MME pre-judgment and post-judgment interest, and awarding MME recovery of its fees, costs, and disbursements incurred herein;

4.    Leave to amend the Complaint to assert a claim of punitive damages; and

5.    For such other and further relief as the Court deems just and equitable.

Dated:  May 26, 2026                                  Respectfully submitted,

                                                     LIBBY LAW OFFICE, P.A.

                                                     By: s/Christopher J. Heinze
                                                     Christopher J. Heinze (#0311030)
                                                     Samir R. Grover (#0505851)
                                                     Libby Law Office, P.A.
                                                     Libby Law Building, Suite 100
                                                     855 Rice Street
                                                     St. Paul, MN 55113
                                                     (651) 487-1208
                                                     (651) 487-0662 facsimile
                                                     chris@libbylawoffice.com

                                                     *Attorneys for Defendant and Cross-claimant*
                                                     *Minnesota Monsters Entertainment LLC*