UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

PULLING GUARD PRODUCTIONS, LLC,                Case No. 26-CV-2305 (PJS/LIB)
d/b/a The Arena League,

        Plaintiff,

v.                                                                            ORDER

JACOB LAMBERT; J&B
MANUFACTURED HOME SERVICES
LLC; STEVE WALTERS; MINNESOTA
MONSTERS ENTERTAINMENT LLC;
KRAMER SERVICE GROUP, LLC; BRENT
LABRIE; and ARENA FOOTBALL 1, LLC,

        Defendants.

---

John A. Sullivan and Allison L. Dohnalek, BEST & FLANAGAN LLP, for plaintiff.

Christopher J. Heinze and Samir R. Grover, LIBBY LAW OFFICE, P.A., for defendants Jacob Lambert; J&B Manufactured Home Services LLC; Minnesota Monsters Entertainment LLC; and Arena Football 1, LLC.

Joseph M. Barnett and Terrance W. Moore, HELLMUTH & JOHNSON, for defendants Kramer Service Group, LLC and Brent LaBrie.

This matter is before the Court on plaintiff Pulling Guard Productions, LLC d/b/a The Arena League's ("TAL's") motion for a preliminary injunction. ECF No. 5. For the reasons explained at the May 18, 2026, hearing and briefly summarized below, the motion is denied.

The Court considers four factors in deciding whether to grant a motion for a preliminary injunction:  (1) the movant's likelihood of success on the merits; (2) the threat of irreparable harm to the movant if the injunction is not granted; (3) the balance between this harm and the harm that the non-movant will suffer if the injunction is granted; and (4) the public interest.  *Dataphase Sys., Inc. v. C L Sys., Inc.*, 640 F.2d 109, 114 (8th Cir. 1981).  "A preliminary injunction is an extraordinary remedy," and the party seeking a preliminary injunction bears the burden of establishing its entitlement to such relief under the *Dataphase* factors.  *Watkins Inc. v. Lewis*, 346 F.3d 841, 844 (8th Cir. 2003) (citations omitted).

As the Court explained at the hearing, TAL has made a strong showing that defendants' "Minnesota Monsters" name and branding infringe TAL's "Duluth Harbor Monsters" mark.  *Compare* Holmes Decl. Ex. H, *with* Holmes Decl. Ex. I.  Based on the current record, however, TAL does not appear likely to succeed on its other claims, including claims for false advertising, breach of contract, tortious interference with contract, tortious interference with prospective economic advantage, unjust enrichment, and violation of the Minnesota Deceptive Trade Practices Act.  *See generally* Compl., ECF No. 1.

Moreover, TAL has not established that, in the absence of a preliminary injunction, it will suffer irreparable harm.  *See, e.g.*, *Watkins*, 346 F.3d at 844 ("Failure to

-2-

show irreparable harm is an independently sufficient ground upon which to deny a preliminary injunction.") (citations omitted).  Properly framed, the issue is what *additional* harm TAL will experience in the future in the absence of injunctive relief. Here, defendants' alleged infringement had been going on for months—and was fully known to TAL—before TAL filed suit and sought a preliminary injunction.  *See, e.g.*, Holmes Decl. Exs. C, E–F (publicizing the new "Minnesota Monsters" team in September 2025).  Although the Eighth Circuit has traditionally presumed a threat of irreparable harm once a plaintiff establishes in a trademark action that a likelihood of confusion exists, *see, e.g.*, *Warner Bros Ent., Inc. v. X One X Prods.*, 840 F.3d 971, 882 (8th Cir. 2016), TAL's delay in seeking a preliminary injunction "vitiates much of the force of [its] allegations of irreparable harm," *Kohls v. Ellison*, 166 F.4th 728, 732 (8th Cir. 2026) (quoting *Beame v. Friends of the Earth*, 434 U.S. 1310, 1313 (1977)); *see also Phyllis Schlafly Revocable Tr. v. Cori*, 924 F.3d 1004, 1010 (8th Cir. 2019) (holding that a plaintiff was not entitled to any presumption of irreparable harm "because [it] did not promptly seek preliminary injunctive relief concerning the alleged trademark infringement").  The Court does not discount the harm that TAL suffered *before* it filed suit, but, at this point, it appears that little *additional* harm will be caused by defendants' continued infringement.

By contrast, the potential harm of an injuction to defendants has escalated dramatically now that the "Minnesota Monsters" are nearly one-third of the way through their season.  Additionally, numerous innocent third parties could be harmed—including concession workers, television broadcasters, players, and fans—if the Court were to order the "Minnesota Monsters" to change its name and marketing in the middle of the season.  *See* Deft's Br. at 29, ECF No. 12; *see also Tumey v. Mycroft AI, Inc.*, 27 F.4th 657, 667 (8th Cir. 2022) ("The heightened public interest about the issues before the district court is a consideration that should not be ignored when determining the appropriateness of injunctive relief.").

For these reasons, the Court finds that the *Dataphase* factors weigh against granting an injunction, and therefore denies TAL's motion.

## ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT plaintiff's motion for a preliminary injunction [ECF No. 5] is DENIED.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: May 27, 2026

/s/ Patrick J. Schiltz
Patrick J. Schiltz, Chief Judge
United States District Court