RECEIVED
BY MAIL
JUL 22 2026
CLERK, U.S. DISTRICT COURT
ST. PAUL, MN

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Pulling guard Productions, LLC d/b/a The Arena League,

Plaintiff,

vs.

Jacob Lambert; J&B Manufactured Home Services LLC; Steve Walters; Minnesota Monsters Entertainment LLC; Kramer Service Group, LLC; Brent LaBrie; Arena Football 1, LLC; And DOES 1-10,

Defendants.

Case No. 0:26-cv-2305 (PJS/LIB)

**DEFENDANT STEVE WALTERS' ANSWER TO COMPLAINT**

**JURY TRIAL DEMANDED**

Defendant Steve Walters ("Walters") for his Answer to Plaintiff's ("Plaintiff") Complaint, state and alleges as follows:

**GENERAL DENIAL**

Except as hereinafter admitted or qualified, or otherwise answered, Walters denies each and every allegation, matter, statement and thing contained in Plaintiff's Complaint, and each and every portion thereof, except as hereafter specifically admitted or qualified; and states that , to the extent that each and every allegation, matter and statement, and each portion thereof, calls for legal conclusions, no response is required from Walters.

1. Walters denies the allegations in Paragraph 1 of the Complaint and holds Plaintiff to the strict burden of proof thereto at trial in this matter.

2. Walters admits that the Duluth Harbor Monsters was a member team of the Arena league but is otherwise without sufficient information to admit or deny the allegation and puts Plaintiff to a strict proof thereof.

SCANNED
JUL 22 2026
U.S. DISTRICT COURT ST. PAUL

3. The allegations in Paragraph 3 of the Complaint are general, vague and without reference to a statement, time or place made and therefore Walters denies the same and puts Plaintiff to its strict proof thereof. Walters admits he assisted in launching the Minnesota Monsters in the Arena Football 1 league and that any representations he made concerning the same were based on a reasonable belief that they were true when made.

4. Walters denies the allegations in Paragraph 4 of the Complaint and holds Plaintiff to the strict burden of proof thereto at trial in this matter.

5. Walters lacks sufficient knowledge or information to form a belief as to the allegations set forth in Paragraph 5 of the Complaint and thereby denies the same and holds Plaintiff to the strictest burden of proof thereto at trial in this matter.

6. Walters admits the allegations set forth in Paragraph 6 of the Complaint.

7. Walters lacks sufficient knowledge or information to form a belief as to the allegations set forth in Paragraph 7 of the Complaint and thereby denies the same and holds Plaintiff to the strictest burden of proof thereto at trial in this matter.

8. Walters denies that he was ever an owner of the Duluth Harbor Monsters or the Minnesota Monsters teams but admits to making public representations that he was an owner of the Minnesota Monsters based on his understanding of representations made to him by Jacob Lambert.

9. Walters denies the allegations of Paragraph 9 of the Complaint.

10. Walters lacks sufficient knowledge or information to form a belief as to the allegations set forth in Paragraph 10 of the Complaint and thereby denies the same and holds Plaintiff to the strictest burden of proof thereto at trial in this matter.

11. Walters lacks sufficient knowledge or information to form a belief as to the allegations set forth in Paragraph 11 of the Complaint and thereby denies the same and holds Plaintiff to the strictest burden of proof thereto at trial in this matter.

12. Walters lacks sufficient knowledge or information to form a belief as to the allegations set forth in Paragraph 12 of the Complaint and thereby denies the same and holds Plaintiff to the strictest burden of proof thereto at trial in this matter.

13. Walters lacks sufficient knowledge or information to form a belief as to the allegations set forth in Paragraph 13 of the Complaint and thereby denies the same and holds Plaintiff to the strictest burden of proof thereto at trial in this matter.

14. Walters denies the allegations set forth in Paragraph 14.

15. Walters denies the allegations set forth in Paragraph 15.

16. Walters denies the allegations set forth in Paragraph 16.

17. Walters admit the allegations set forth in Paragraph 17 of the Complaint.

18. Walters lacks sufficient knowledge or information to form a belief as to the allegations set forth in Paragraph 18 of the Complaint and thereby denies the same and holds Plaintiff to the strictest burden of proof thereto at trial in this matter.

19. Walters lacks sufficient knowledge or information to form a belief as to the allegations set forth in Paragraph 19 of the Complaint and thereby denies the same and holds Plaintiff to the strictest burden of proof thereto at trial in this matter.

20. Walters lacks sufficient knowledge or information to form a belief as to the allegations set forth in Paragraph 20 of the Complaint and thereby denies the same and holds Plaintiff to the strictest burden of proof thereto at trial in this matter.

21. Walters lacks sufficient knowledge or information to form a belief as to the allegations set forth in Paragraph 21 of the Complaint and thereby denies the same and holds Plaintiff to the strictest burden of proof thereto at trial in this matter.

22. Walters lacks sufficient knowledge or information to form a belief as to the allegations set forth in Paragraph 22 of the Complaint and thereby denies the same and holds Plaintiff to the strictest burden of proof thereto at trial in this matter.

23. Walters lacks sufficient knowledge or information to form a belief as to the allegations set forth in Paragraph 23 of the Complaint and thereby denies the same and holds Plaintiff to the strictest burden of proof thereto at trial in this matter.

24. Walters lacks sufficient knowledge or information to form a belief as to the allegations set forth in Paragraph 24 of the Complaint and thereby denies the same and holds Plaintiff to the strictest burden of proof thereto at trial in this matter.

25. Walters lacks sufficient knowledge or information to form a belief as to the allegations set forth in Paragraph 25 of the Complaint and thereby denies the same and holds Plaintiff to the strictest burden of proof thereto at trial in this matter.

26. Walters lacks sufficient knowledge or information to form a belief as to the allegations set forth in Paragraph 26 of the Complaint and thereby denies the same and holds Plaintiff to the strictest burden of proof thereto at trial in this matter.

27. Walters lacks sufficient knowledge or information to form a belief as to the allegations set forth in Paragraph 27 of the Complaint and thereby denies the same and holds Plaintiff to the strictest burden of proof thereto at trial in this matter.

28. Walters lacks sufficient knowledge or information to form a belief as to the allegations set forth in Paragraph 28 of the Complaint and thereby denies the same and holds Plaintiff to the strictest burden of proof thereto at trial in this matter.

29. Walters lacks sufficient knowledge or information to form a belief as to the allegations set forth in Paragraph 29 of the Complaint and thereby denies the same and holds Plaintiff to the strictest burden of proof thereto at trial in this matter.

30. Walters lacks sufficient knowledge or information to form a belief as to the allegations set forth in Paragraph 30 of the Complaint and thereby denies the same and holds Plaintiff to the strictest burden of proof thereto at trial in this matter.

31. Walters lacks sufficient knowledge or information to form a belief as to the allegations set forth in Paragraph 31 of the Complaint and thereby denies the same and holds Plaintiff to the strictest burden of proof thereto at trial in this matter.

32. Walters lacks sufficient knowledge or information to form a belief as to the allegations set forth in Paragraph 32 of the Complaint and thereby denies the same and holds Plaintiff to the strictest burden of proof thereto at trial in this matter.

33. Walters lacks sufficient knowledge or information to form a belief as to the allegations set forth in Paragraph 33 of the Complaint and thereby denies the same and holds Plaintiff to the strictest burden of proof thereto at trial in this matter.

34. Walters lacks sufficient knowledge or information to form a belief as to the allegations set forth in Paragraph 34 of the Complaint and thereby denies the same and holds Plaintiff to the strictest burden of proof thereto at trial in this matter.

35. Walters lacks sufficient knowledge or information to form a belief as to the allegations set forth in Paragraph 35 of the Complaint and thereby denies the same and holds

Plaintiff to the strictest burden of proof thereto at trial in this matter and further, the document speaks for itself.

36. Walters lacks sufficient knowledge or information to form a belief as to the allegations set forth in Paragraph 36 of the Complaint and thereby denies the same and holds Plaintiff to the strictest burden of proof thereto at trial in this matter.

37. Walters lacks sufficient knowledge or information to form a belief as to the allegations set forth in Paragraph 37 of the Complaint and thereby denies the same and holds Plaintiff to the strictest burden of proof thereto at trial in this matter and further, the document speaks for document speaks for itself.

38. Walters lacks sufficient knowledge or information to form a belief as to the allegations set forth in Paragraph 38 of the Complaint and thereby denies the same and holds Plaintiff to the strictest burden of proof thereto at trial in this matter and further, the document speaks for document speaks for itself.

39. Walters lacks sufficient knowledge or information to form a belief as to the allegations set forth in Paragraph 39 of the Complaint and thereby denies the same and holds Plaintiff to the strictest burden of proof thereto at trial in this matter.

40. Walters lacks sufficient knowledge or information to form a belief as to the allegations set forth in Paragraph 40 of the Complaint and thereby denies the same and holds Plaintiff to the strictest burden of proof thereto at trial in this matter.

41. Walters lacks sufficient knowledge or information to form a belief as to the allegations set forth in Paragraph 41 of the Complaint and thereby denies the same and holds Plaintiff to the strictest burden of proof thereto at trial in this matter.

42. Walters lacks sufficient knowledge or information to form a belief as to the allegations set forth in Paragraph 42 of the Complaint and thereby denies the same and holds Plaintiff to the strictest burden of proof thereto at trial in this matter.

43. Walters lacks sufficient knowledge or information to form a belief as to the allegations set forth in Paragraph 43 of the Complaint and thereby denies the same and holds Plaintiff to the strictest burden of proof thereto at trial in this matter.

44. Walters lacks sufficient knowledge or information to form a belief as to the allegations set forth in Paragraph 44 of the Complaint and thereby denies the same and holds Plaintiff to the strictest burden of proof thereto at trial in this matter.

45. Walters lacks sufficient knowledge or information to form a belief as to the allegations set forth in Paragraph 45 of the Complaint and thereby denies the same and holds Plaintiff to the strictest burden of proof thereto at trial in this matter. Walters asserts that the FUA speaks for itself.

46. Walters lacks sufficient knowledge or information to form a belief as to the allegations set forth in Paragraph 46 of the Complaint and thereby denies the same and holds Plaintiff to the strictest burden of proof thereto at trial in this matter.

47. Walters lacks sufficient knowledge or information to form a belief as to the allegations set forth in Paragraph 47 of the Complaint and thereby denies the same and holds Plaintiff to the strictest burden of proof thereto at trial in this matter.

48. Walters lacks sufficient knowledge or information to form a belief as to the allegations set forth in Paragraph 48 of the Complaint and thereby denies the same and holds Plaintiff to the strictest burden of proof thereto at trial in this matter.

49. Walters lacks sufficient knowledge or information to form a belief as to the allegations set forth in Paragraph 49 of the Complaint and thereby denies the same and holds Plaintiff to the strictest burden of proof thereto at trial in this matter.

50. Walters lacks sufficient knowledge or information to form a belief as to the allegations set forth in Paragraph 50 of the Complaint and thereby denies the same and holds Plaintiff to the strictest burden of proof thereto at trial in this matter.

51. Walters lacks sufficient knowledge or information to form a belief as to the allegations set forth in Paragraph 51 of the Complaint and thereby denies the same and holds Plaintiff to the strictest burden of proof thereto at trial in this matter.

52. The allegations in Paragraph 52 of the Complaint are general, vague and without reference to a statement, time or place made and therefore Walters denies the same and puts Plaintiff to its strict proof thereof.

53. Walters lacks sufficient knowledge or information to form a belief as to the allegations set forth in Paragraph 53 of the Complaint and thereby denies the same and holds Plaintiff to the strictest burden of proof thereto at trial in this matter.

54. Walters lacks sufficient knowledge or information to form a belief as to the allegations set forth in Paragraph 54 of the Complaint and thereby denies the same and holds Plaintiff to the strictest burden of proof thereto at trial in this matter.

55. The allegations in Paragraph 55 of the Complaint are general, vague and without reference to a statement, time or place made and therefore Walters denies the same and puts Plaintiff to its strict proof thereof.

56. Walters lacks sufficient knowledge or information to form a belief as to the allegations set forth in Paragraph 56 of the Complaint and thereby denies the same and holds Plaintiff to the strictest burden of proof thereto at trial in this matter.

57. The allegations in Paragraph 57 of the Complaint are general, vague and without reference to a statement, time or place made and therefore Walters denies the same and puts Plaintiff to its strict proof thereof.

58. The allegations in Paragraph 58 of the Complaint are general, vague and without reference to a statement, time or place made and therefore Walters denies the same and puts Plaintiff to its strict proof thereof.

59. Upon information and belief, Walters admits that Minnesota Monsters Entertainment was formed to operate the Minnesota Monsters in the AF1 league but otherwise denies the allegations set forth in Paragraph 59 of the Complaint and puts Plaintiff to its strict proof thereof.

60. The allegations in Paragraph 60 of the Complaint are general, vague and without reference to a statement, time or place made and therefore Walters denies the same and puts Plaintiff to its strict proof thereof.

61. The allegations in Paragraph 61 of the Complaint are general, vague and without reference to a statement, time or place made and therefore Walters denies the same and puts Plaintiff to its strict proof thereof.

62. The allegations in Paragraph 62 of the Complaint are general, vague and without reference to a statement, time or place made and therefore Walters denies the same and puts Plaintiff to its strict proof thereof.

63. Walters lacks sufficient knowledge or information to form a belief as to the allegations set forth in Paragraph 63 of the Complaint and thereby denies the same and holds Plaintiff to the strictest burden of proof thereto at trial in this matter.

64. Walters denies the allegations set forth in Paragraph 64.

65. Walters denies the allegations set forth in Paragraph 65.

66. The allegations in Paragraph 66 of the Complaint are general, vague and without reference to a statement, time or place made and therefore Walters denies the same and puts Plaintiff to its strict proof thereof.

67. The allegations in Paragraph 67 of the Complaint are general, vague and without reference to a statement, time or place made and therefore Walters denies the same and puts Plaintiff to its strict proof thereof.

68. Walters lacks sufficient knowledge or information to form a belief as to the allegations set forth in Paragraph 68 of the Complaint and thereby denies the same and holds Plaintiff to the strictest burden of proof thereto at trial in this matter.

69. Walters lacks sufficient knowledge or information to form a belief as to the allegations set forth in Paragraph 69 of the Complaint and thereby denies the same and holds Plaintiff to the strictest burden of proof thereto at trial in this matter.

70. Walters lacks sufficient knowledge or information to form a belief as to the allegations set forth in Paragraph 70 of the Complaint and thereby denies the same and holds Plaintiff to the strictest burden of proof thereto at trial in this matter.

71. Walters lacks sufficient knowledge or information to form a belief as to the allegations set forth in Paragraph 71 of the Complaint and thereby denies the same and holds Plaintiff to the strictest burden of proof thereto at trial in this matter.

72. Walters admits that while he was employed by J&B, Minnesota Monsters Entertainment LLC promoted the Minnesota Monsters affiliation with the AF1 league, but denies the remaining allegations of Paragraph 72.

73. Walters admits to the allegations of Paragraph 73 of the Complaint.

74. Walters lacks sufficient knowledge or information to form a belief as to the allegations set forth in Paragraph 74 of the Complaint and thereby denies the same and holds Plaintiff to the strictest burden of proof thereto at trial in this matter.

75. Walters refers to, incorporates, and restates his responses to Paragraphs 1-74 as though fully set forth herein.

76. Walters lacks sufficient knowledge or information to form a belief as to the allegations set forth in Paragraph 76 of the Complaint and thereby denies the same and holds Plaintiff to the strictest burden of proof thereto at trial in this matter.

77. The allegations in Paragraph 77 of the Complaint are general, vague and without reference to a statement, time or place made and therefore Walters denies the same and puts Plaintiff to its strict proof thereof.

78. The allegations of Paragraph 78 of the Complaint are general, vague and without reference to a statement, time or place made and therefore Walters denies the same and puts Plaintiff to its strict proof thereof.

79. The allegations in Paragraph 79 of the Complaint are general, vague and without reference to a statement, time or place made and Walters lacks sufficient knowledge or information to form a belief as to the allegations set forth in Paragraph 79 of the Complaint and thereby denies the same and holds Plaintiff to the strictest burden of proof thereto at trial in this matter.

80. Walters denies the allegations set forth in Paragraph 80.

81. Walters denies the allegations set forth in Paragraph 81.

82. Walters denies the allegations set forth in Paragraph 82.

83. Walters denies the allegations set forth in Paragraph 83.

84. Walters denies the allegations set forth in Paragraph 84.

85. Walters denies the allegations set forth in Paragraph 85.

86. Walters denies the allegations set forth in Paragraph 86.

87. Walters denies the allegations set forth in Paragraph 87

88. Walters refers to, incorporates, and restates his responses to Paragraphs 1-87 as though fully set forth herein.

89. Walters lacks sufficient knowledge or information to form a belief as to the allegations set forth in Paragraph 89 of the Complaint and thereby denies the same and holds Plaintiff to the strictest burden of proof thereto at trial in this matter.

90. Walters lacks sufficient knowledge or information to form a belief as to the allegations set forth in Paragraph 90 of the Complaint and thereby denies the same and holds Plaintiff to the strictest burden of proof thereto at trial in this matter.

91. Walters denies the allegations set forth in Paragraph 91.

92. Walters denies the allegations set forth in Paragraph 92.

93. Walters refers to, incorporates, and restates his responses to Paragraphs 1-92 as though fully set forth herein.

94. Walters lacks sufficient knowledge or information to form a belief as to the allegations set forth in Paragraph 94 of the Complaint and thereby denies the same and holds Plaintiff to the strictest burden of proof thereto at trial in this matter.

95. Walters lacks sufficient knowledge or information to form a belief as to the allegations set forth in Paragraph 95 of the Complaint and thereby denies the same and holds Plaintiff to the strictest burden of proof thereto at trial in this matter.

96. Walters lacks sufficient knowledge or information to form a belief as to the allegations set forth in Paragraph 96 of the Complaint and thereby denies the same and holds Plaintiff to the strictest burden of proof thereto at trial in this matter.

97. Walters lacks sufficient knowledge or information to form a belief as to the allegations set forth in Paragraph 97 of the Complaint and thereby denies the same and holds Plaintiff to the strictest burden of proof thereto at trial in this matter.

98. Walters lacks sufficient knowledge or information to form a belief as to the allegations set forth in Paragraph 98 of the Complaint and thereby denies the same and holds Plaintiff to the strictest burden of proof thereto at trial in this matter.

99. Walters lacks sufficient knowledge or information to form a belief as to the allegations set forth in Paragraph 99 of the Complaint and thereby denies the same and holds Plaintiff to the strictest burden of proof thereto at trial in this matter.

100. Walters refers to, incorporates, and restates his responses to Paragraphs 1-99 as though fully set forth herein.

101. Walters lacks sufficient knowledge or information to form a belief as to the allegations set forth in Paragraph 101 of the Complaint and thereby denies the same and holds Plaintiff to the strictest burden of proof thereto at trial in this matter.

102. Walters lacks sufficient knowledge or information to form a belief as to the allegations set forth in Paragraph 102 of the Complaint and thereby denies the same and holds Plaintiff to the strictest burden of proof thereto at trial in this matter.

103. Walters denies the allegations set forth in Paragraph 103.

104. Walters denies the allegations set forth in Paragraph 104.

105. Walters denies the allegations set forth in Paragraph 105.

106. Walters denies the allegations set forth in Paragraph 106.

107. Walters refers to, incorporates, and restates his responses to Paragraphs 1-106 as though fully set forth herein.

108. Walters lacks sufficient knowledge or information to form a belief as to the allegations set forth in Paragraph 108 of the Complaint and thereby denies the same and holds Plaintiff to the strictest burden of proof thereto at trial in this matter.

109. Walters lacks sufficient knowledge or information to form a belief as to the allegations set forth in Paragraph 109 of the Complaint and thereby denies the same and holds Plaintiff to the strictest burden of proof thereto at trial in this matter.

110. Walters denies the allegations set forth in Paragraph 110.

111. Walters denies the allegations set forth in Paragraph 111.

112. Walters denies the allegations set forth in Paragraph 112.

113. Walters denies the allegations set forth in Paragraph 113.

114. Walters refers to, incorporates, and restates his responses to Paragraphs 1-113 as though fully set forth herein.

115. Walters lacks sufficient knowledge or information to form a belief as to the allegations set forth in Paragraph 115 of the Complaint and thereby denies the same and holds Plaintiff to the strictest burden of proof thereto at trial in this matter.

116. Walters denies the allegations set forth in Paragraph 116.

117. Walters denies the allegations set forth in Paragraph 117.

118. Walters denies the allegations set forth in Paragraph 118.

119. Walters refers to, incorporates, and restates his responses to Paragraphs 1-118 as though fully set forth herein.

120. Walters denies the allegations set forth in Paragraph 120.

121. Walters denies the allegations set forth in Paragraph 121.

122. Answering Paragraphs 1-5 of Plaintiff's Prayer for Relief, to the extent any response is required to any Paragraph thereto, Walters denies any allegations in such Paragraphs and further denies that Plaintiff is entitled to any relief whatsoever.

## AFFIRMATIVE DEFENSES

Walters denies that Plaintiff can satisfy its burden of proving the elements necessary to state a prima facie case for any cause of action. In addition, and without assuming the burden of proof with respect to any fact that would otherwise fall on Plaintiff, Walters asserts the following "Affirmative Defenses" to the causes of action asserted in the Complaint. By alleging the matters set forth herein below, Walters does not thereby allege or admit they have the burden of proof and/or the burden of persuasion with respect to these matters, and Walters further reserves the right to amend this Answer or, if necessary, to seek leave to amend this Answer to assert any additional affirmative defenses that become available or appear as the case proceeds.

1. The Complaint fails to state a claim upon which relief can be granted against Walters.
2. Assuming without conceding that Plaintiff is capable of establishing liability for any cause of action, Plaintiff's requested relief is barred in whole or in part by its failure to mitigate its damages, if any such damages exist.
3. Plaintiff's claims are barred because its damages, if any such damages exist, were caused in whole or in part by its own negligence, fault, omissions or conduct.

4. One or more of Plaintiff's causes of action are barred in whole or in part because Plaintiff does not own valid trademark rights in the mark(s) it is seeking to enforce against.
5. All of Plaintiff's trademark causes of action and statutory causes of action are barred in whole or in part because there is no likelihood of consumer confusion.
6. All of Plaintiff's trademark causes of action and statutory causes of action are barred in whole or in part because Plaintiff has abandoned any trademark rights in the mark(s).
7. Plaintiff's claims are barred in whole or in part based upon the doctrine of Laches.
8. Plaintiff's claims are barred in whole or in part based upon the doctrine of Unclean Hands.

## PRAYER FOR RELIEF

**WHEREFORE,** Walters requests the following relief:

1. That Plaintiff take nothing from Plaintiff's pretended claims against Walters, the allegations within the Complaint against Walters be dismissed with prejudice, and all things in judgment be rendered for Walters in that regard;

2. Awarding Walters recovery of his fees, costs, and disbursements incurred herein; and

3. For such other and further relief as the Court deems just and equitable.

Dated: July 15, 2026

By ______________________

Steve Walters
1828 Anniston Ave
Shreveport LA 71105
(218) 329-4085
stevenmwalters@outlook.com